**THE OHIO NATIONAL BANK OF COLUMBUS, Plaintiff-Appellant v. MILLER et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3661.  Decided December 6, 1943.

Joseph M. Harter, Columbus, for plaintiff-appellant.
Willard W. Miller, Columbus; Waymon B. McLeskey, Columbus, for defendants-appellees.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court in favor of defendants after it had sustained a demurrer to the second amended petition of the plaintiff.

The suit as originally instituted sought to enjoin the defendant, Willard W. Miller, from renouncing an interest devised and bequeathed to said defendant by his father, Frank Miller, deceased, in an item of his last will and testament which is as follows:

"I give, devise and bequeath to my four children, Willard W. Miller, Doctor W. H. Miller, Judge Fred J. Miller, Edna M. Prine, all my property both real and personal, to be shared by them, share and share alike. In case said Willard W. Miller should renounce and refuse in writing said devise within six months after my decease, I then give, devise and bequeath said devise to Mary E. Miller, wife of said Willard W. Miller."

Frank Miller died on January 5, 1942; his will was admitted to probate on January 13, 1942, and the petition was filed on June 23, 1942, prior to six months after the decease of defendant's father.

There was an alternative prayer in the petition:

"If heretofore said Willard W. Miller has so rejected or renounced any interest in said estate of Frank Miller, deceased, the defendant, Mary E. Miller, be restrained and on hearing of this cause be permanently enjoined from disposing of any property, real or personal, which she may own or claim to own by virtue of said rejection or renunciation."

It does not appear whether or not defendant, Willard W. Miller, has filed any written renunciation in accord with the provisions of the will.

When we hereinafter employ the word "defendant" we refer to Willard W. Miller.

To the petition the defendants filed a demurrer based upon three grounds:

1. The plaintiff does not have legal capacity to sue.

2. The petition does not state facts sufficient to constitute a cause of action.

3. Defect of parties defendant.

Before this demurrer was passed upon plaintiff filed an amended petition to which a demurrer, as heretofore set forth, was filed.

Judge Randall, in sustaining this demurrer, discussed all the grounds set forth therein and held that as the petition was framed it disclosed that the plaintiff had an adequate remedy at law. The major part of the opinion is devoted to the principal question presented by the demurrer, namely, whether or not defendant had the right to renounce the bequest in his father's will and this was determined in favor of the defendant. Plaintiff then filed a second amended petition attempting to meet the objection which Judge Randall had found well made, and to the second amended petition a demurrer like that heretofore set out was filed and this demurrer was submitted to Judge Reynolds and, predicating his action upon Judge Randall's opinion, this demurrer was sustained. Plaintiff elected to plead no further. Judgment was entered against it and the appeal was lodged in this Court.

The briefs, particularly that of appellees, are extended and appellees insist that other grounds of the demurrer not passed upon will support the judgment and discuss and argue that the suit was prematurely brought, that the guaranty plead was illegal, and that there is a defect of parties defendant.

Inasmuch as our determination of the major question presented is clearly dispositive of the demurrer, we rest our opinion upon that phase of the case.

We assume that the second amended petiton pleads facts which establish that the plaintiff is a creditor of Willard Miller and that independent of the estate which he may take under his father's will, his assets are wholly inadequate to meet his liabilities.

There is no averment of collusion as between defendant and his wife, the alternative beneficiary in the bequest of testator, and it is claimed only that defendant may be charged with constructive fraud if he elects to renounce the benefits

created by the item of the will of his father. It may likewise be assumed that one purpose, at least, of any renunciation of the bequest would be to avoid the payment of the obligation due from defendant to the plaintiff under the facts set out in the second amended petition.

It is urged by the plaintiff that the estate created in the item vested in defendant and that a renunciation thereof by him would be a transfer of his interest in fraud of his creditors. Defendants apparently concede that under the Ohio authorities whatever estate Willard Miller took under the item vested at the death of testator but urge that his right of renunciation was complete and that, if exercised, it accomplishes the devolution of the full estate as of the date of testator's death in the alternative beneficiary, Mary E. Miller. This then presents the question for determination, namely, has the defendant the unqualified right to renounce the benefit of the interest created in his behalf by the quoted item of his father's will.

We have reached the same conclusion as Judge Randall and largely for the reasons set forth in his excellent and comprehensive opinion.

A controlling principle is announced in 69 C. J. 974:

"* * * a beneficiary under a will is not bound to accept a legacy or devise therein provided for, but may disclaim or renounce his right under the will, even where the gift to him is beneficial, provided he has not already accepted it. The motives which prompt a renunciation are immaterial in the absence of fraud or collusion; and the rejection of a gift by a legatee is not equivalent to a conveyance by him for the purpose of defeating creditors."

The general right of a beneficiary to renounce an estate created by will in his behalf has been considered and passed upon in twelve states of the Union, and in eleven of them the right of renunciation is supported. The reported cases up to 1922 are cited and discussed in an annotation to Schoonover v Osborn et, (Ia.) 27 A. L. R. 465, annotation at page 472. Cases are there found from Colorado, Indiana, Iowa, Kentucky, Mississippi, New Jersey, Pennsylvania and Tennessee. From Pennsylvania is cited Fleming's Estate (1907) 217 Pa. 610, 66 Atl. 874, which is in line with the principal case, and is also made

the subject of a note in 11 L. R. A. (N. S.) 379, in which it is said:

"The position taken in the above case, that the right of election is a personal right, is sustained by an almost unbroken current of authority, * * *."  ·

However, in the subject matter of the annotation to Schoonover v Osborn, Buckius' Estate (1895), 17 Pa. Co. Ct. 270, is briefly commented upon and seems to be contra the pronouncement of the principal case. Later, In re Estate of Ella W. Kalt, deceased, 16 Cal. (2d) 807, 108 P. (2d), 401, 133 A. L. R. 1424, is made a subject of annotation, at page 1428, and brings the authorities down to 1941. None has been reported since. The annotation cites cases from Florida, Missouri and Texas, all in line with the trend of authority. The principal case, however, holds that,

"A legatee under a will in a state by the law of which every transfer of property made with intent to hinder, delay, or defraud a creditor of a transferrer is fraudulent, and may be set aside or disregarded by the creditor, may not defeat the claims of his creditors by renouncing a beneficial legacy."

This is a well considered opinion, merits careful reading and is complete in that it cites practically all of the reported cases on the subject. It clearly is not in accord with the authorities of the other states wherein the question has been considered. In the Schoonover case, supra, in applying the rule evolved it is said in the first syllabus:

"Creditors have no right, nor courts jurisdiction, to compel acceptance or prevent renunciation or rejection of a benefit conferred by will."

And at page 470, quoting from Bradford v Calhoun, 120 Tenn., 3, 109 S. W., 502, says:

"The renunciation is not a voluntary conveyance, void as against existing creditors, because, when he has properly renounced, the renunciation relates back to the date of the gift,

and, if he has never accepted the gift, he has had nothing that could be made the subject of a voluntary conveyance."

And further:

"All of the courts hold that the renunciation, when filed, relates back to the time when, under the law, the will became effective."

In Ohio we find but one case in point, **Wallace v McMicken, 2 Disney, 564,** which adopts the rule supported by the majority of the states.

Appellees' brief, in our judgment, makes a correct analytical statement of the holdings of the reported cases throughout the country. We set it out:

1. Some courts hold that the bequest does not vest unless and until accepted; but that upon acceptance, or rejection such action relates back to the date of death of the testator. This class may be generally subdivided into two general groups:

(a) This group commences with the presumption of acceptance with the renunciation relating back to the date of death of the testator. Maryland and other states seem to follow this rule.

(b) This group treats the bequest as an offer which must be accepted by the beneficiary, which upon acceptance relates back to date of death of the testator. This seems to be the rule in New York and other states.

2. Other courts hold that the bequest vests upon the death of the testator subject, however, to being divested upon renunciation. This seems to be the rule in Iowa, Tennessee, Missouri, and other jurisdictions.

If the will under consideration here made no provision whatever for renunciation, we would then have the question which has been considered and determined in the cases we have heretofore discussed but the proposition here presented is unlike any considered by any of the reported cases cited, or which we have been able to find. Of course, if the right of renunciation is assured under the general rule then, without regard to the specific provisions of the will here under consideration, it would be necessary to go no further.

A new element is projected into the instant case by rea-son of the fact that the testator has indicated his intent respecting the right of the defendant to renounce the estate created in his behalf. We are required by the cardinal rule of construction as to wills to effectuate the intent of the testator.

The most cogent reason, in our judgment, why the defendant should have the unqualified right to reject the benefits of the item of his father's will is that it carries out the manifest intention of the testator. He had full right to make any desired legal disposition of his estate. It was his intention that his son be given the right for a period of six months after testator's death to determine whether or not he should accept the estate created. The testator was under no inhibition to take cognizance of the statutes against a debtor disposing of his property to defraud his creditors. The right of election was unqualified. To hold otherwise would take away from the testator the right to dispose of his own property as he sees fit.

Manifestly, the testator here created a beneficial estate in the defendant and a contingent estate in his wife, Mary E. Miller, and the right of renunciation was clearly to the de-defendant which, if exercised, divested him of his interest and caused the wife's estate to vest. That the estate of the defendant during the six months that he had the right under the will to reject its benefits was conditional seems obvious and was different from the estate of which he was seized after the six months succeeding the death of the testator had elapsed and no renunciation made.

The right of a beneficiary to reject an interest created in his behalf where no mention is made thereof in the will arises independent of the instrument. Here it is inherent in the instrument and the intent of the testator may not be observed unless the right is unimpaired. The testator did not mean that any right should intervene to prevent the vesting of the interest created for defendant's wife if he exercised the delegated right of renunciation.

The judgment will be affirmed.

BARNES, P. J., and GEIGER, J., concur.