## UNITED STATES v. ISON et al.

District Court, S. D. New York.
April 30, 1946.

John F. X. McGohey, U. S. Atty., of New York City (Henry L. Glenn, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Herman C. Stoute, of New York City, for Joseph M. Ison and Eloise Ison.

Tanner, Sillcocks & Friend, of New York City (R. H. Long, of New York City, of counsel), for Metropolitan Life Ins. Co.

HULBERT, District Judge.

The Court: This action, arises under Section 3678, 26 U.S.C.A. Int.Rev.Code, § 3678, of the Internal Revenue Code and was brought under the direction of the Attorney General of the United States· at the request of the Commissioner of Internal Revenue, Treasury Department of the United States, came on for trial before me. After hearing the parties and proofs offered by them respectively, the Court makes the following findings of fact:

That at all times mentioned in the complaint the plaintiff was and now is a corporation sovereign, and body politic. The last known address of the defendant is 1384 Pacific Street, Borough of Brooklyn. He testified that he formerly lived at 2111 Mathews Avenue in the Borough of the Bronx.

On June 15, 1935, Joseph M. Ison filed his Federal income tax return for the calendar year 1934.

On May 3, 1937, the Commissioner made a jeopardy assessment of additional income taxes of Joseph M. Ison for the year 1934 in the sum of $187,126.82, a fraud penalty of $93,563.41, and computed interest thereon of $23,944.54 to May 1937, making a total of $304,634.77.

On or before May 5, 1937, one Joseph T. Higgins was appointed and qualified and was acting as Collector of Internal Revenue of the plaintiff in and for the Third Collection District of New York.

On or about May 5, 1937, said Joseph T. Higgins as Collector received an assessment list of the assessment alleged in paragraph 5 of the complaint, and on May 5, 1937 he gave notice to Joseph M. Ison and demanded payment of the amount of the said assessment amounting to $304,634.-77.

The defendant Eloise Ison, who is a daughter of the defendant Joseph M. Ison, was born on the 9th day of January 1924 and resides with her mother Beatrice Bowers Brown at 1133 Boston Post Road in the Borough of the Bronx.

The defendant Metropolitan Life Insurance Company during all times hereinafter mentioned was and still is a corporation authorized to carry on a life insurance business in the State of New York.

Following the receipt of the assessment list by Joseph T. Higgins as Collector and on or about May 5, 1937, he gave notice in writing to the said Metropolitan Life Insurance Company of said assessment of $304,634.77, and the assessment remained unpaid after demand for payment, and by virtue of Section 3186 of the Revised Statutes of the United States, 26 U.S.C.A. Int. Rev.Code, § 3670 et seq., said notice declared that the amount of said assessment was a lien in favor of the claimant upon all property and rights to property belonging to the said Joseph M. Ison.

On May 5, 1937, a notice of lien in words and figures as described in paragraph 10 of the complaint was also filed with the clerk of this court.

Payments were made upon said assessment on the dates and in the amounts as follows: May 8, 1937, $7.05, by levy upon the bank account in the name of Joseph M. Ison in the Dunbar National Bank, 2300 Seventh Avenue, Borough of Manhattan; February 9, 1940, $1424.97 and $8.42, by levy upon the bank account in the name of Joseph M. Ison in the Manufacturers Trust Company, 67 West 125th Street. The defendant is allowed credit for such payments.

The plaintiff alleges upon information and belief that the Metropolitan Life Insurance Company has property and things of value in its possession or under its control that belong to the said Joseph M. Ison or in which he has a valuable interest; that is to say, the Metropolitan Life Insurance Company issued two policies of insurance numbered respectively 4,517,762C and 4,522,654C upon the life of the said Joseph M. Ison as insured, which policies were written upon standard forms and are substantially in the form of Exhibits 11 and 12 received in this case. The first of said policies is payable to the estate of Joseph M. Ison, and the second of said policies was issued in favor of the daughter Eloise. The cash surrender values of said policies are approximately $1700.

The defendant claims that he delivered these policies to his daughter or to her

mother, both of whom have appeared, and the mother testified that she delivered both policies back to the defendant at the time of their separation some four or five years ago. She makes no claim under either of the policies, and Eloise Ison testified that she had never had either of the policies in her possession and has never seen them. She makes no claim under them.

■ The Court must upon the proof in this case accept the testimony of Mrs. Brown and her daughter and must disregard the testimony of the defendant and finds specifically that the policies were returned to him by Mrs. Brown and that there has been no assignment of them.

■ I find that there is no proof in this case of fraud which would justify the imposition of the fraud penalty of $93,563.41, and the interest will have to be recomputed on the basis of $187,126.82.

As conclusions of law: Joseph M. Ison was indebted to the plaintiff in the amount of $187,126.82 with interest to May 5, 1937, and with interest from that date.

■ That the lien of the plaintiff arising out of the assessment of taxes as hereinbefore found is adjudged and decreed to be a valid and subsisting lien upon all the property and property rights of Joseph M. Ison or in which he has a right or interest or in which he has acquired an interest since the date of said assessment and upon the earnings, income and profits therefrom.

That in default of the payment of the amount decreed the lien of the plaintiff may be enforced and that Joseph M. Ison and all persons claiming by, through or under him may be forever barred and foreclosed of all equity in and to said property subject to the lien of the plaintiff.

■ That the defendant Metropolitan Life Insurance Company be required to account to the plaintiff for all property in its possession or under its control belonging to said Joseph M. Ison or in which he has a valuable interest, and the decree to be entered hereon shall contain a provision directing Joseph M. Ison to execute an assignment or such other instrument as may be necessary for the purpose of effectuating a transfer of his interest in the two policies in question to the United States Government, and the Court will add by way of clarification that since there is stamped on the second policy a reservation by Ison, it believes the way is clear for the enforcement of the provision which has been directed to be inserted in the decree for the exercise by him of the right to change the beneficiary.

Mr. Glenn: I think, your Honor, that the figure $187,126.92 mentioned in conclusion of law No. 1 should be diminished by the amount of the credit.

The Court: Yes, that is right. It should be.

Mr. Glenn: I think the amount as so reduced as I compute it is $185,686.38.

The Court: Well, there will be interest on that to May 5.

Mr. Glenn: And interest on the total from May 5, 1937.

The Court: Yes.

Mr. Glenn: I think it might be helpful, if your Honor is in agreement, that the findings of fact with regard to the policies of insurance also add the fact that the defendant left the apartment in which Mrs. Brown and the daughter were living, leaving the policies behind without any transaction between them in regard to those policies.

The Court: Oh, I don't think that is necessary. That is stating the evidence. I try as far as possible to avoid doing that and indicate what the ultimate fact is. You prepare a decree and serve notice of settlement on both sides.

Mr. Stoute: I don't know whether it is in order for me to move set aside the decision at this time.

The Court: Denied.

Mr. Stoute: Exception.

The Court: I might add that there is no jurisdiction in this case of the defendant Eloise Ison and the decree will necessarily provide for the dismissal of the complaint against her.

Mr. Long: I take it that there are no costs against the Metropolitan?

The Court: There are not.