**WEINLEIN, Plaintiff-Appellee, v. BEDFORD et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 5249. Decided February 7, 1956.

Luther L. Liggett, Marysville, for plaintiff-appellee.
Barnhart & Wehr, William C. Irish, Columbus, for defendants-appellants.

(CONN, J, of the Sixth District sitting by designation in the Second District.)

## OPINION

By THE COURT.

This is an appeal from a judgment of the Common Pleas Court finding that the plaintiff is the owner of an undivided one-third interest of the real estate described in the petition and decreeing partition of said real estate. It is not necessary to re-state the facts in this case as they are familiar to counsel and are fully set forth in the written opinion of Judge Gessaman of the Common Pleas Court. He very properly states the issues for adjudication in the trial court:

1. Did the deed executed by Norman Bedford, Sr., to Marilyn Bedford Weinlein et al., constitute a valid conveyance of the property; and

2. Did the plaintiff confirm her deed to Alice Walton dated April 29, 1948, by subsequent action?

He answered the first issue in the affirmative and the second in the negative.

The principal question in this case relates to the delivery of the deed of date March 25, 1943, from Norman Bedford, Sr., to the plaintiff. Inasmuch as it was duly filed for recording and recorded with the Recorder of Franklin County, Ohio, this act standing alone raised a presumption of delivery of the deed and the burden of overcoming this presumption was upon the defendant-appellant. This was a factual question which the trial judge resolved against appellant. In so doing, we may not say that the evidence did not support the conclusion reached. Likewise, the effect of the signing of a waiver in Probate Court upon the notice of the filing of the Will of Alice Walton for probate was resolved against the contention of appellant and in so doing, the trial judge was clearly within his province, if indeed there was any factual issue in the matter.

No sufficient reason appears requiring a reversal of the judgment in any of the particulars set out in the assignments of error. The opinion of Judge Gessaman is sound in all particulars and we adopt it as a part of the opinion in this Court.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and CONN, JJ, concur.