**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Maurice F. McCRACKIN and Julia M. Watson, Administratrix of the Estate of Elizabeth Findley McCrackin, Julia M. Watson, Robert H. McCrackin, Defendants.**

**Civ. A. No. 4535.**

United States District Court

S. D. Ohio, W. D.

Nov. 7, 1960.

Thomas Stueve, First Asst. U. S. Atty., Cincinnati, Ohio, for the United States.

Morse Johnson, Cincinnati, Ohio, for Julia M. Watson.

WEINMAN, District Judge.

### Findings of Fact

1. On December 13, 1957, Elizabeth Findley McCrackin executed her last will and testament. Item I of the will provides for the debts and expenses. Item II provides:

"All the property, real and personal, of every kind and description, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, bequeath and devise to my children, Robert Hanawalt McCrackin of San Diego, California, Julia McCrackin Watson of Brookfield, Illinois, and Maurice F. McCrackin of Cincinnati, Ohio, absolutely and in fee simple, share and share alike.

"Any and all debts which may be owing by my son, Robert Hanawalt McCrackin, or his estate, to me at the time of my decease are to be deemed advancements against my said son's residuary share herein and shall by my Executor be charged against said son and deducted from his residuary share herein accordingly."

2. Elizabeth Findley McCrackin died testate in Cincinnati, Ohio, October 15, 1958, leaving an estate exceeding $10,000 in value and consisting entirely of personalty.

3. Her will was presented to the Probate Court of Hamilton County for probate October 21, 1958 and on November 7, 1958, said will was admitted to probate.

4. On January 13, 1959, Maurice F. McCrackin resigned as executor of said estate and Julia M. Watson was later named administratrix of said estate.

5. On October 30, 1958, Maurice F. McCrackin filed in the Probate Court of Hamilton County a paper titled "Refusal to Take Bequest or Legacy under Will" which provides as follows:

"Prior to admission of the Last Will and Testament of my mother, Elizabeth Findley McCrackin, to probate by the Probate Court of Hamilton County, Ohio, I, Maurice F. McCrackin, do hereby, absolutely and forever refuse to accept any specific or residuary bequest or legacy which may be or has been granted me under said Will."

6. On August 19, 1959, Maurice F. McCrackin filed in the Probate Court of Hamilton County a paper titled "Confirmation of Refusal to Take Bequest or Legacy under Will" which provides as follows:

"Prior to the admission of the Last Will and Testament of Elizabeth Findley McCrackin to probate by the Probate Court of Hamilton County, Ohio, I, Maurice F. McCrackin, did absolutely and forever refuse to accept any specific or residuary bequest or legacy granted me under said Will. The Will having now been admitted to probate, I hereby confirm said refusal to accept any specific or residuary bequest or legacy granted me under it."

7. Maurice F. McCrackin filed no federal income tax returns for the years 1955 through 1958.

8. Maurice F. McCrackin, during all the taxable years herein involved has been, and still is, a Presbyterian minister employed by the Board of Trustees of West Cincinnati-St. Barnabas Church, Cincinnati, Ohio.

9. On various dates during the year 1958 a delegate of the Secretary of the Treasury made assessments of income taxes against the defendant, Maurice F. McCrackin, for the years 1955, 1956, 1957 and for the period from January 1, 1958 to October 29, 1958. The assessments for the years 1955, 1956 and 1957 each included penalties imposed by Title 26 U.S.C.A. (I.R.C.1954) §§ 6653(b) and 6654(a) and the assessment for the said period in 1958 included a penalty imposed by Title 26 U.S.C.A. (I.R.C.1954) § 6654(a). The assessments for the years 1955, 1956 and 1957 also included interest computed to the date of the assessment. Notice was given to and demand made of

the defendant, Maurice F. McCrackin, for payment of the amounts of said assessments. Thereafter, notices were filed with the Recorder's Office, Hamilton County, Ohio, wherein the United States claims liens upon all the properties and rights to properties of the said defendant in the amounts of the assessments. The dates of the aforesaid acts and the amounts of each are as follows:

| Tax Period | Date of Assessment | Tax | Penalties | Interest | Total | Notice & Demand | Notice of Lien |
|---|---|---|---|---|---|---|---|
| 1955 | 6/13/58 | $813.00 | $429.24 | $105.49 | $1347.73 | 6/13/58 | 6/27/58 |
| 1956 | 6/13/58 | 872.50 | 460.65 | 60.87 | 1394.02 | 6/13/58 | 6/27/58 |
| 1957 | 8/29/58 | 979.61 | 517.40 | 21.85 | 1518.86 | 8/29/58 | 10/23/58 |
| 1958* | 10/29/58 | 467.00 | 2.06 | | 469.06 | 10/29/58 | |

* Includes period from January 1, 1958 to July 31, 1958

On June 30, 1958, a payment in the amount of $47.29 was made against the assessment for the year 1955. No part of the balance of said assessments has been paid.

10. On September 5, 1958, Maurice F. McCrackin wrote a letter (plaintiff's exhibit D) to Elmer C. Reckers, a revenue officer in the Internal Revenue Service, wherein the said Maurice F. McCrackin stated that he would no longer file income tax returns and he "[would] not honor any summons, subpoena or indictment from the department of internal revenue, Judge of the District Court or United States Commissioner."

11. On December 12, 1958, Maurice F. McCrackin was found guilty by a jury of violating Title 26 U.S.C.A. (I.R.C. 1954) § 7210 in that he neglected to appear in accordance with an administrative summons issued by the Internal Revenue Service.

12. One of the motives for Maurice F. McCrackin's refusal to accept the legacy under his mother's will was to prevent the United States Government from satisfying the liens which it has against his property.

### Discussion

The questions of law presented to the Court are as follows:

*First.* Is Maurice F. McCrackin's renunciation valid or does he possess any "property" or "rights to property" as to the legacy under his mother's will to which the tax liens of the United States may attach?

*Second.* Even if Maurice F. McCrackin's renunciation is valid, may this Court order him to withdraw said renunciation?

*Third.* Even if the Court holds that Maurice F. McCrackin's renunciation of his legacy is valid, what is the disposition of said legacy?

*First.* There can be no doubt that the Court must look to the law of Ohio to determine whether Maurice F. McCrackin possesses any "property" or "rights to property" under Title 26 U.S.C.A. (I.R.C.1954) § 6321 to which the tax liens of the United States may attach. The Supreme Court of the United States in the very recent decision of Aquilino v. United States, 1960, 363 U.S. 509, 512–514, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 stated:

"The threshold question in this case, as in all cases where the Federal Government asserts its tax lien, is whether and to what extent the taxpayer had 'property' or 'rights to property' to which the tax lien could attach. In answering that question, both federal and state courts must look to state law, for it has long been the rule that 'in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property * * * sought

to be reached by the statute.' Morgan v. Commissioner, 309 U.S. 78, 82 [60 S.Ct. 424, 426, 84 L.Ed. 585, 1035]. Thus, as we held only two Terms ago, Section 3670 'creates no property rights but merely attaches consequences, federally defined, to rights created under state law * * *.' United States v. Bess, 357 U.S. 51, 55 [78 S.Ct. 1054, 1057, 2 L. Ed.2d 1135]. However, once the tax lien has attached to the taxpayer's state-created interests, we enter the province of federal law, which we have consistently held determines the priority of competing liens asserted against the taxpayer's 'property' or 'rights to property.' (Citations omitted.) The application of state law in ascertaining the taxpayer's property rights and of federal law in reconciling the claims of competing lienors is based both upon logic and sound legal principles. This approach strikes a proper balance between the legitimate and traditional interest which the State has in creating and defining the property interest of its citizens, and the necessity for a uniform administration of the federal revenue statutes." (Footnotes omitted.)

The most important question before this Court is whether under the law of Ohio Maurice F. McCrackin may renounce his legacy. In Ohio National Bank of Columbus v. Miller, 1943, 57 N. E.2d 717, 718, an Ohio Court of Appeals quoted with approval the following language from 69 C.J. 974:

" * * * a beneficiary under a will is not bound to accept a legacy or devise therein provided for, but may disclaim or renounce his right under the will, even where the gift to him is beneficial, provided he has not already accepted it. The motives which prompt a renunciation are immaterial in the absence of fraud or collusion; and the rejection of a gift by a legatee is not equivalent to a conveyance by him

for the purpose of defeating creditors."

At page 719 the Court quoted with approval the following language from Bradford v. Calhoun, 1907, 120 Tenn. 53, 109 S.W. 502, 19 L.R.A.,N.S., 595:

"The renunciation is not a voluntary conveyance, void as against existing creditors, because, when he has properly renounced, the renunciation relates back to the date of the gift, and, if he has never accepted the gift, he has had nothing that could be made the subject of a voluntary conveyance."

And at page 720 of the Miller case the Court stated:

"The right of a beneficiary to reject an interest created in his behalf where no mention is made thereof in the will arises independent of the instrument."

This statement made by the Court of Appeals nullifies the Government's argument that the law as announced in the Miller case is inapplicable because in that case there was a provision in the decedent's will as to the disposition of certain property should one of the legatees renounce.

See In re Estate of Hartman, 1944, 14 Ohio Supp. 112, 114, wherein the Probate Court of Lucas County stated:

"The motive prompting renunciation is immaterial.

"In Ohio the law may be said to be that title passes upon the death of the testator to the devisee or legatee subject to being divested by renunciation."

See also Wallace v. McMicken's Ex'rs, 1859, 2 Disn. 564 for a case from the Superior Court of Cincinnati to the same effect.

The United States Government in its brief argues that Maurice F. McCrackin's motive in renouncing his legacy was to defraud the United States. The Court, in its findings of fact, concluded that one of the motives for his renunciation was to prevent the United States Government from satisfying its liens.

Though this Court in no way condones the action of Maurice F. McCrackin, it is of the opinion that what he has done does not constitute "fraud" within the true meaning of the word as used by the Court of Appeals in the Miller case. For Maurice F. McCrackin's action to have constituted a "fraud", it would have been necessary for him to have made a false representation to the United States Government and for the United States Government to have relied, to its detriment, on said false representation. This Court need not discuss the various elements of fraud since it is clear that one of the most important, a false representation, is lacking. The true position of the United States Government is that of a disappointed creditor, not one who has been defrauded.

Though the case of Ohio National Bank of Columbus v. Miller, supra, is not a decision of the highest court in Ohio, this Court is bound by its pronouncements. In Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 177, 178, 61 S.Ct. 176, 178, 85 L.Ed. 109, the Supreme Court of the United States stated:

> " * * * The highest state court is the final authority on state law * * * but it is still the duty of the federal courts, where the state law supplies the rule of decision, to ascertain and apply that law even though it has not been expounded by the highest court of the State. * * * An intermediate state court in declaring and applying the state law is acting as an organ of the State and its determination, in the absence of more convincing evidence of what the state law is, should be followed by a federal court in deciding a state question. * * * " (Footnotes omitted.)

Our own Court of Appeals, in the case of John Hancock Mutual Life Insurance Company v. Tarrence, 6 Cir., 1957, 244 F.2d 86, 87 stated:

> " * * * There can no longer be any question of the unqualified obligation of a district court in a diversity case to follow the law expressed by an intermediate state appellate court, if the state's highest court has not declared it, and to do so even if the federal court may think the law as so expressed is unsound in principle. * * * "

Though the instant case is not a diversity case, it is one in which this Court must apply state law; therefore, the pronouncements in Fidelity Union Trust Co. v. Field, supra, and John Hancock Mutual Life Insurance Company v. Tarrence, supra, are applicable to this case.

From the foregoing discussion this Court is led to the conclusion that Maurice F. McCrackin's renunciation is valid and he owns no "property" or "rights to property" under his mother's will to which the tax liens of the United States Government may attach.

Before passing to the second question presented, the Court wishes to comment on two Ohio Supreme Court cases which have been cited and discussed by both plaintiff and defendants in their briefs. The first syllabus of Orlopp v. Schueller, Admr. De Bonis Non, 1905, 72 Ohio St. 41, 73 N.E. 1012 states:

> "1. Property or money held by the executor or administrator of an estate in his representative capacity cannot be reached by attachment or garnishee process in an action against the heir or legatee before an order of distribution has been made."

The syllabus of Union Properties, Inc. v. Patterson, 1944, 143 Ohio St. 192, 54 N.E.2d 668, 669 provides:

> "A judgment creditor, during the administration of an estate in the Probate Court and before an order of distribution is made, may maintain an action in the nature of a creditor's bill in the Court of Common Pleas to reach an interest of the judgment debtor-legatee in funds or property in the hands of the executor of such estate."

The Court finds it unnecessary to rely on either of these cases after concluding that under Ohio law Maurice F. Mc-

Crackin, after filing his renunciation, has no interest in the proceeds of his mother's estate.

*Second.* The United States Government urges that this Court may compel Maurice F. McCrackin to revoke his renunciation and accept his legacy. In support of this argument, the Government cites United States v. Ison, D.C.S.D. N.Y.1946, 67 F.Supp. 40. In that case, the District Court required the taxpayer to assign to the United States his interest in two policies insuring his life. That case in no way supports the contention of the Government in the instant case. In the Ison case, it was determined that the taxpayer owned the property in question and the Court was merely enforcing the Government's lien. In this case, under the law of Ohio, Maurice F. McCrackin does not own the property in question.

Though this Court believes that Maurice F. McCrackin could, under the Ohio law, revoke his renunciation before an order of distribution is made [see Erman v. Erman, 1956, 101 Ohio App. 245, 136 N.E.2d 385] this Court has no authority to compel him to do so. In the first syllabus of Schoonover v. Osborne, 1920, 193 Iowa 474, 187 N.W. 20, 27 A.L.R. 465, quoted with approval in Ohio National Bank of Columbus v. Miller, supra, 57 N.E.2d at page 719, the Court stated:

> "Creditors have no right, nor courts jurisdiction, to compel acceptance or prevent renunciation or rejection of a benefit conferred by will."

*Third.* The United States Government has argued that even if Maurice F. McCrackin's renunciation of his legacy is valid, and even if the Court refuses to order him to revoke his renunciation, Maurice F. McCrackin's legacy will pass by the intestacy laws of Ohio, there being no residuary clause in his mother's will and he will inherit one-third of his renounced legacy. See Ohio Revised Code, §§ 2105.06 and 2113.60. The defendants argue that their mother's will does contain a residuary clause and the refused legacy should go into the residue

to be shared by the two remaining legatees.

This Court is of the opinion that the foregoing is a question solely within the province of the Probate Court of Hamilton County, since a determination of this question by this Court would not be binding on the Probate Court.

### Conclusions of Law

1. This Court has jurisdiction of the parties in this cause.

2. This Court has jurisdiction of the subject matter of this cause. Title 26 U.S.C.A. (I.R.C.1954) § 7402.

3. This Court must look to the law of Ohio to determine whether and to what extent Maurice F. McCrackin has "property" or "rights to property" under Title 26 U.S.C.A. (I.R.C.1954) § 6321 to which the Government's tax liens could attach. Aquilino v. United States, 1960, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365.

4. There being no decision of the Ohio Supreme Court in point, this Court is bound by a decision of an Ohio appellate court, Ohio National Bank of Columbus v. Miller, 1943, Ohio App., 57 N.E.2d 717, though that court is not the highest state court. Fidelity Union Trust Company v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109, and John Hancock Mutual Life Insurance Company v. Tarrence, 6 Cir., 1957, 244 F.2d 86.

5. In Ohio, the law with respect to renunciation is as follows:

> " * * * a beneficiary under a will is not bound to accept a legacy or devise therein provided for, but may disclaim or renounce his right under the will, even where the gift to him is beneficial provided he has not already accepted it. The motives which prompt a renunciation are immaterial in the absence of fraud or collusion; and the rejection of a gift by a legatee is not equivalent to a conveyance by him for the purpose of defeating creditors." 69 C.J. 974 quoted with approval in Ohio Na-

tional Bank of Columbus v. Miller, supra.

 6. Maurice F. McCrackin's renunciation is valid and he therefore owns no "property" or "rights to property" under his mother's will to which the tax liens of the United States Government may attach.

 7. The actions of Maurice F. McCrackin do not constitute a "fraud" so as to void his renunciation.

[6] 8. It is not within the jurisdiction of this Court to compel Maurice F. McCrackin to revoke the renunciation of his legacy. Ohio National Bank of Columbus v. Miller, supra.

### Order

In accordance with the foregoing findings of fact, discussion and conclusions of law, it is ordered, adjudged and decreed that judgment should be and it hereby is entered in favor of each defendant in the action and against the plaintiff.