953 F.2d 379
 69 A.F.T.R.2d 92-413, 92-1 USTC P 50,043
 UNITED STATES of America, Appellee,
v.
Frederick S. SOLHEIM; Robert A. Solheim; John S. Solheim;
National Bank of Commerce Trust and Savings Association of
Lincoln, Trustee of the Selmer A. Solheim Trust; State of
Colorado, Department of Revenue, Appellants.
 No. 91-1667.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 13, 1991.
Decided Jan. 7, 1992.
 
 1
 J.L. Spray, Lincoln, Neb., argued, for appellants.
 
 
 2
 Robert L. Baker, Dept. of Justice, Washington, D.C., argued (Gary R. Allen and David I. Pincus, Dept. of Justice, Washington, D.C. and Ronald D. Lahners, U.S. Attorney, Omaha, Neb., appeared on brief), for appellee.
 
 
 3
 Before LAY, Chief Judge, and ARNOLD, Circuit Judge and STUART,* Senior District Judge.
 
 
 4
 STUART, Senior District Judge.
 
 
 5
 We are called upon to determine whether the taxpayer's renunciation, under state law, of his interest in a trust extinguished a federal tax lien attached to the interest under 26 U.S.C. § 6321 (1988). The district court[1] held that the taxpayer's renunciation did not extinguish the lien. Upon the taxpayer's appeal, we affirm.
 
 I.
 
 6
 The taxpayer, Frederick S. Solheim, was the beneficiary of a trust created by his father, Selmer A. Solheim. The trust was funded in 1980 when taxpayer's mother, Ruth M. Solheim, renounced her interest in a prior trust, causing the assets of the prior trust to be divided and paid over into three separate but identical trusts created for the benefit of taxpayer and his two brothers. The trust agreement, as amended, provided as follows:
 
 
 7
 1. The income from each separate Trust shall be accumulated by the Trustees for each of the Trust beneficiaries until such beneficiary reaches the age of 35 years at which time such accumulated Trust income shall be paid over to such beneficiary....
 
 
 8
 2. When each such beneficiary reaches the age of thirty-five years, one-third of the principal of said beneficiary's trust shall be paid over to him or to her in cash on December 24th of the year in which such child reaches the age of thirty-five.
 
 
 9
 3. Thereafter, the income from the residue of each such separate trust shall be paid over to such beneficiary, if living, on January 1st each year, until such beneficiary reaches the age of forty-five years, at which time one-third of the principal of the trust shall be paid over to such beneficiary in cash on December 24th of the year in which such child reaches the age of forty-five.
 
 
 10
 4. Thereafter, the income from the residue of such separate trust shall be paid over to such beneficiary, if living, on January 1st of each year until such beneficiary reaches the age of fifty-five years, at which time all the balance of the principal of the trust shall be paid over to said beneficiary on December 24th of the year in which such child reaches the age of fifty-five.
 
 
 11
 5. When each beneficiary of each trust shall attain the age of fifty-five years, such trust as to such beneficiary shall cease and terminate; and all of the balance remaining in such beneficiary's trust shall be by the TRUSTEE paid over and distributed to such beneficiary on December 24th of the year in which such beneficiary attains the age of fifty-five years. In the event any beneficiary of any trust herein established shall die prior to the date herein stipulated for the distribution of principal to such beneficiary, then and in that event the remaining principal in such beneficiary's trust shall vest in his or her then surviving issue by right of representation; but in the event any beneficiary shall die without leaving issue surviving, then such beneficiary's trust shall be divided equally among, and added to, the trusts hereinbefore provided for the SETTLOR'S other children, including by right of representation, the then surviving children of any then deceased child of the SETTLOR; and said addition shall then be disposed of in all respects the same as is provided in the case of the trust or trusts to which so added.
 
 
 12
 The trust agreement also contained a spendthrift provision.
 
 
 13
 Because taxpayer was over thirty-five years of age when his mother renounced her interest, taxpayer was entitled to receive one-third of the principal of his trust. Because the primary asset of the trust was an unmatured promissory note, however, actual distribution was postponed. Taxpayer began receiving annual income distributions from the trust in 1981.
 
 
 14
 The federal tax liens at issue arose from assessments made against taxpayer beginning in November 1986 for unpaid federal income taxes, interest, and penalties for the years 1984, 1985, and 1986. Notices of federal tax lien were filed on September 14, 1987 and January 21, 1988.
 
 
 15
 On February 23, 1988, taxpayer renounced his interest in the trust pursuant to Nebraska Revised Statutes section 30-2352(c) (1989). Under section 30-2352(b), a renunciation made within nine months of the date the interest was created relates back to that date; otherwise, the interest passes under section 30-2352(c) as if the person renouncing had died on the date the interest was renounced. On March 12, 1988, the Internal Revenue Service (IRS) served a Notice of Levy upon the trustee, National Bank of Commerce Trust and Savings Association of Lincoln, Nebraska, with respect to funds held for the taxpayer's benefit. On March 14, 1988, the trustee petitioned the County Court of Lancaster County, Nebraska, for a determination of the effect of taxpayer's renunciation. The trustee further advised the IRS that, based on the renunciation, it was not holding any property of the taxpayer.
 
 
 16
 On May 27, 1988, the county court found that the renunciation was permissible, but it expressly made no determination regarding the effect of taxpayer's renunciation upon the federal tax liens. It held that, under section 30-2352(c), the taxpayer's interest in the trust was to be handled as if he had died on the date he renounced his interest. Because the taxpayer had no issue, his trust was divided and added to his brother's trusts. Thereafter, the IRS filed an action in federal district court to foreclose on the tax lien. Upon the IRS's motion for summary judgment the district court held that taxpayer's interest in the trust--whether vested or contingent--was "property" to which the federal tax lien attached. The court further held that the renunciation was ineffective as to the liens, citing United States v. Mitchell, 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971) and United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958). The court concluded that the IRS was entitled to the principal and income payable since the first assessment in November 1986 and all future income and principal payments as they come due.
 
 II.
 
 17
 Section 6321 of the Internal Revenue Code imposes a lien for the income tax "upon all property and rights to property ... belonging to" the person liable for the tax. 26 U.S.C. § 6321; United States v. Mitchell, 403 U.S. 190, 204, 91 S.Ct. 1763, 1771, 29 L.Ed.2d 406 (1971). The lien imposed by § 6321 arises upon assessment and continues until it is satisfied or becomes unenforceable. 26 U.S.C. § 6322. Section 6321 "creates no property rights but merely attaches consequences, federally defined, to rights created under state law...." United States v. Bess, 357 U.S. 51, 55, 78 S.Ct. 1054, 1057, 2 L.Ed.2d 1135 (1958).
 
 
 18
 Taxpayer concedes that the tax lien attached to his "rights created under state law." A Nebraska statute defines "property" as "one or more interests either legal or equitable, possessory or nonpossessory, present or future, in land, or in things other than land...." Neb.Rev.Stat. § 76-101(a) (1990). The statute further provides that the term "future interest is applicable equally to property interests in land and in things other than land, and is limited to all varieties of remainders, reversions [&c.]." Neb.Rev.Stat. § 76-101(b). Therefore, taxpayer's interest in the trust, even if contingent, is "property" within the meaning of § 6321.
 
 
 19
 Because the taxpayer concedes that the tax lien attached, we have no question before us regarding whether the lien may attach to contingent property interests. See, e.g., City of New York v. United States, 283 F.2d 829 (2d Cir.1960); Bigheart Pipeline Corp. v. United States, 600 F.Supp. 50, 53 (N.D.Okla.1984), aff'd, 835 F.2d 766 (10th Cir.1987); Home Ins. Co. v. B.B. Rider Corp., 212 F.Supp. 457 (D.N.J.1963); In re Rosenberg's Will, 62 Misc.2d 12, 308 N.Y.S.2d 51, 70-1 U.S.Tax Cas. (CCH) p 9293 (1970). Neither are we presented with the argument that the "relation-back" idea avoids attachment of the lien. See, e.g., Stickell v. United States, 78-1 U.S. Tax Cas. (CCH) p 9328, 1978 WL 1185 (N.D.Ill.1978); United States v. McCrackin, 189 F.Supp. 632 (S.D.Ohio 1960). Cf. In re Detlefson, 610 F.2d 512 (8th Cir.1979) (relation-back of disclaimer under state law prevented interest from vesting in bankruptcy trustee). As the county court order recognized, taxpayer's renunciation was effective on the date it was executed, without the benefit of the relation-back doctrine.
 
 
 20
 Once the tax lien has attached to the taxpayer's state-created interest, federal law applies. Aquilino v. United States, 363 U.S. 509, 513-14, 80 S.Ct. 1277, 1280-81, 4 L.Ed.2d 1365 (1960). Whatever right of renunciation may exist under federal law, taxpayer's acceptance of some of the benefits of the trust and his failure to renounce within a reasonable time preclude renunciation here. Cf. Cottrell v. Commissioner, 628 F.2d 1127 (8th Cir.1980) (en banc) (discussing "reasonable time" to disclaim in gift tax context); Keinath v. Commissioner, 480 F.2d 57 (8th Cir.1973) (same). Accordingly, we hold that taxpayer's renunciation of his interest in the trust did not extinguish the lien.
 
 
 21
 We recognize that at least part of taxpayer's interest is defeasible by his death.[2] To be sure, the government "steps into the taxpayer's shoes" and "must go barefoot if the shoes wear out." United States v. Rodgers, 461 U.S. 677, 691 n. 16, 103 S.Ct. 2132, 2141 n. 16, 76 L.Ed.2d 236 (1983). However, taxpayer cannot under these circumstances take advantage of a fiction of the Nebraska law giving him the benefits of dying legally without the inconvenience of having to do so physically. As the government observed during oral argument, the taxpayer's shoes were in good condition and not worn out when he took them off and handed them to his brothers.
 
 
 22
 The judgment of the district court is affirmed.
 
 
 
 *
 The Hon. William C. Stuart, Senior District Judge for the Southern District of Iowa, sitting by designation
 
 
 [1]
 The Hon. Lyle E. Strom, Chief United States District Judge for the District of Nebraska
 
 
 [2]
 It appears that taxpayer's right to receive one-third of the principal of the trust is vested and not subject to defeasance