**UNITED STATES of America, Plaintiff,**

v.

**Donald V. LANGERT, Linda M. Langert, TCF Mortgage Corporation, and the Minnesota Department of Revenue, Defendants.**

**Civ. No. 3–94–1464.**

United States District Court,
D. Minnesota,
Third Division.

Aug. 22, 1995.

Order Modifying Judgment Oct. 10, 1995.

Stephen P. Kranz, Tax Division, United States Department of Justice, Washington, DC, for plaintiff.

Donald V. Langert, pro se.

Thomas L. Iliff, Iliff Law Offices, Bloomington, Minnesota, for defendant Linda M. Langert.

## MEMORANDUM OPINION AND ORDER

KYLE, District Judge.

### Introduction

Before the Court is the Plaintiff United States of America's ("the United States") Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The United States filed suit in this Court pursuant to sections 7401, 7402, and 7403 of the Internal Revenue Code ("the Code"), 26 U.S.C. §§ 7401–7403. In Count I of the Complaint, the United States seeks to reduce to judgment tax assessments made against defendants Donald V. Langert and Linda M. Langert for unpaid income taxes and civil penalties from the years 1978 through 1983. In Count II of the Complaint, the United States requests that the Court foreclose upon a tax lien placed on certain real property owned by the Langerts and order a sale of the property. The United States further requests that the Court order a distribution of the proceeds of the sale. The parties—other than the Langerts—have agreed to the relative priorities of their interests in the property by a stipulation (Doc. No. 16). For the reasons set forth below, the Court will grant the motion.

### Background

Donald V. Langert and Linda M. Langert presently own, as joint tenants with right of survivorship, real property legally described as "Lot 5, Block 2, Arcadian Acres 2nd Addition, Anoka County, Minnesota," and located at 18450 Jivaro Street N.W., Anoka, Minnesota 55303 (hereinafter "the property"). The Langerts received a warranty deed for the property from Ralph and Lilliam Pearson on

May 26, 1976. (Gov't Ex. 1.) On May 28, 1976, the Langerts granted a mortgage against the property to Twin City Federal Savings and Loan Association ("TCF"); the mortgage was recorded on June 15, 1976 with the Anoka County Recorder. (Gov't Ex. 2.)

The Langerts failed to file individual federal income tax returns for the tax years 1978 through 1982.[1] *See* Declaration of David Sussman, ¶ 3 (Gov't Ex. 5). On June 20, 1983, the United States assessed a civil penalty against Donald Langert individually in the amount of $500.00. *Id.*, ¶ 4. On April 13, 1984, the United States sent Notices of Assessment to Donald Langert individually for the tax years 1978 through 1980. *Id.* On July 11, 1984, the Anoka County Recorder recorded a federal tax lien against the property with respect to the amounts owed by Donald Langert under those assessments; the lien was refiled on February 9, 1990. (Gov't Ex. 4.) On May 24, 1988, the United States sent Notices of Assessment to the Langerts jointly for the 1981 and 1982 tax years. Sussman Decl., ¶ 4. On March 11, 1994, the Anoka County Recorder recorded a federal tax lien against the property with respect to the amounts indicated as being owed by the Langerts, filing jointly, under those assessments. (Gov't Ex. 4.) On June 20, 1993, tax liens in favor of the United States arose under 26 U.S.C. § 6321 for liability assessed against Donald V. Langert for a civil penalty due for the year ending April 1983.

1. The "tax year" is, in this case, the same as the calendar year. Thus, the 1978 tax year ended on December 31, 1978.

2. As of May 8, 1995, Donald V. Langert owed the following amounts, which represent the total individual income tax, interest and penalties, unpaid to that date, for each of the following tax periods:

| | |
|---|---|
| For the tax period ending December 31, 1978: | $28,591.02 |
| For the tax period ending December 31, 1979: | $41,207.40 |
| For the tax period ending December 31, 1980: | $44,939.89 |

(Gov't Ex. 3.) The Certificate of Assessments and Payments for Donald V. Langert's account for these tax years indicates that his filing status for these periods was "single". (Gov't Ex. 3.) As of May 8, 1995, Mr. Langert also had not paid

As of June 20, 1995, Donald Langert continued to owe the sum of $113,496.32, plus additional interest and additions accruing pursuant to law after August 1, 1994.[2] Sussman Decl., ¶ 5. As of July 20, 1995, Linda M. Langert owed the sum of $3,143.53, plus additional statutory interest and accruals.[3] Second Decl. of David Sussman, ¶¶ 3, 4.

## Analysis

### I. Standard of Decision

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Under that Rule:

> [summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Initially, the movant bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp.*

a $500 civil penalty assessed during the tax year ending April 30, 1983. (*Id.*)

3. As of July 20, 1995, Donald V. and Linda M. Langert owed the following amounts, which represent the total individual income tax, interest and penalties, unpaid to that date, for each of the following tax periods:

| | |
|---|---|
| For the tax year ending December 31, 1981: | $ 165.38 |
| For the tax year ending December 31, 1982: | $2,978.15 |

Second Decl. of David Sussman, ¶¶ 3, 4. The Certificate of Assessments and Payments for the Langerts' account for these tax years indicates that their filing status was "married, filing jointly." (Gov't Ex. 3) Individuals who must pay tax under a joint filing status are jointly and severally liable for any unpaid tax.

*v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In evaluating the movant's showing, the evidence offered by the non-moving party is to be believed and all justifiable inferences therefrom are to be drawn in a light most favorable to that party. *Matsushita Elec. Indus. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1357, 89 L.Ed.2d 538 (1986). Where a moving party, with whatever it provides the court, makes and supports a motion for summary judgment in accordance with Rule 56, a party opposing the motion may not rest upon the allegations or denials of its pleadings; rather, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514; *Krenik v. County of Le Sueur,* 47 F.3d 953, 957 (8th Cir.1995). Accordingly, the nonmovant "must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." *Wilson v. Southwestern Bell Telephone Co.,* 55 F.3d 399, 405 (8th Cir.1995). A summary judgment motion should be denied, however, unless the court is convinced that there is no evidence to sustain recovery in any circumstances. *Foster v. Johns–Manville Sales Corp.,* 787 F.2d 390, 392 (8th Cir.1986).

## II. The Establishment of the Langerts' Liability for Taxes Owed

 When a taxpayer fails to file a tax return, the IRS may reconstruct the income of that individual through any reasonable method. *See* 26 U.S.C. § 446(b); *Holland v. United States,* 348 U.S. 121, 125, 75 S.Ct. 127, 130, 99 L.Ed. 150 (1954). The Langerts do not dispute that tax returns were not filed for the tax years 1978 to 1982. In this case, the IRS has reconstructed the Langerts' income for that period and assessed deficiencies, interest and penalties in the amounts set forth above. The United States has submitted official Certificates of Assessments

and Payments for the Langerts' accounts. These Certificates are sufficient to establish the validity of the assessments. *United States v. Gerads,* 999 F.2d 1255, 1256 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1300, 127 L.Ed.2d 652 (1994). Each of the parties has raised legal challenges to the validity of the assessments; the Court will consider each argument in turn.

### A. The Federal Government's Authority to Impose Income Taxes

Donald Langert argues that he does not owe federal individual income taxes because the Internal Revenue Service has failed to identify any agency regulation which entitles the IRS to impose a tax upon him. Plaintiff argues that the statutes which comprise the Internal Revenue Code do not, in and of themselves, authorize the IRS to take any action; the IRS may only "implement" these statutes through the regulations contained in Title 26 of the Code of Federal Regulations.

 The Court finds Plaintiff's "implementing regulation" argument without merit; it fundamentally misconstrues those provisions of the Internal Revenue Code which relate to the powers and duties of the Secretary of the Treasury, 26 U.S.C. § 7801(a),[4] and the Commissioner of the Internal Revenue Service, 26 U.S.C. § 7802(a).[5] Pursuant to Section 7805(a) of the Code, the Commissioner has broad authority to "prescribe all *needful* rules and regulations for the enforcement of [the Code], including all rules and regulations as may be *necessary* by reason of any alteration of law in relation to internal revenue." 26 U.S.C. § 7805(a) (emphasis added); *see also Commissioner of Internal Revenue v. Engle,* 464 U.S. 206, 226–27, 104 S.Ct. 597, 604, 78 L.Ed.2d 420 (1984). Section 7805(a) is a general grant of authority by Congress to the Commissioner to promulgate—as necessary—"interpretive regula-

4. 26 U.S.C. § 7801(a) provides:
 **Powers and duties of the Secretary**—Except as otherwise expressly provided by law, the administration and enforcement of this title [Title 26, the Internal Revenue Code] shall be performed by or under the supervision of the Secretary of the Treasury.

5. 26 U.S.C. § 7802(a) provides:

**Commissioner of Internal Revenue**—There shall be in the Department of the Treasury a Commissioner of Internal Revenue, who shall be appointed by the President, by and with the advice and consent of the Senate. The Commissioner of Internal Revenue shall have such duties and powers as may be prescribed by the Secretary of the Treasury.

tions" stating the agency's views of what the existing Code provisions already require. *E.I. duPont de Nemours & Co. v. Commissioner of Internal Revenue,* 41 F.3d 130, 135 & n. 20 (3th Cir.1994). Section 7805(a) does *not* require the promulgation of regulations as a prerequisite to the enforcement of each and every provision of the Code. The Commissioner's power to promulgate regulations pursuant to section 7805(a)

> ... "is not the power to make law," but only the power "to carry into effect the will of Congress as expressed by the statute." In cases where "the provisions of the [Code] are unambiguous, and its directions specific, there is no power to amend it by regulation."

*Lovett's Estate v. United States,* 621 F.2d 1130, 1135, 224 Ct.Cl. 32 (1980) (citations omitted). Thus, if the Congressional mandate of a Code provision is sufficiently clear, an interpretative regulation is not necessary. *Russell v. United States,* 95–1 U.S.Tax Cas. (CCH) ¶ 50,029, at 87,122, 1994 WL 750673 (W.D.Mich. Nov. 23, 1994).

Mr. Langert has failed to identify any ambiguity in any section of the Code pertaining to individual income tax which requires the promulgation of interpretive regulations. *See* 26 U.S.C. §§ 1, 6012, 6013, 6071(a), 6072(a), 6151(a). The Court concludes that Mr. Langert has failed to challenge the validity of the assessments made against him.

**B. The "Innocent Spouse" Defense**

Linda Langert argues that she is not jointly liable for the taxes assessed for the years 1981 and 1982 because she is an "innocent spouse" as that term is defined in section 6013(e) of the Code. That section provides that a spouse may be relieved of tax liability if the following four requirements are met:

> (A) a joint return has been made under this section for a taxable year;

(B) on such return there is a substantial understatement[6] of tax attributable to grossly erroneous items[7] of one spouse;

(C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement; *and*

(D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement.

26 U.S.C. § 6013(e)(1).

At the outset, the Court notes that section 6013 clearly conditions the availability of relief under the "innocent spouse" provision upon the filing of a joint income tax return. The defendant has not placed before the Court any evidence that either she or her husband filed a joint income tax return for the years 1981 and 1982. Furthermore, the Court concludes that res judicata bars Ms. Langert's argument. In proceedings before the United States Tax Court, Ms. Langert stipulated to the assessment of tax and penalties for the years 1981 and 1982. Decl. of Stephen P. Kranz, Ex. A. Even when the final decision of the Tax Court is entered by agreement of the parties, a spouse is barred in a foreclosure proceeding from raising any defense which he or she either raised or could have raised before the Tax Court. *United States v. Bryant,* 15 F.3d 756, 758 (8th Cir.1994). Ms. Langert has provided the Court with no reason why the "innocent spouse" defense could not have been raised in the Tax Court. Therefore, the Court concludes that the "innocent spouse" provision is not available to Ms. Langert.

The Court has determined that neither of the defendants' arguments is meritorious. Accordingly, the Court concludes that the assessments made by the United States against the Langerts are valid.

---

**6.** A "substantial understatement" means any understatement which exceeds $500. 26 U.S.C. § 6013(e)(3).

**7.** A "grossly erroneous item" means any item of gross income attributable to a spouse which is

omitted from gross income or "any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law." 26 U.S.C. § 6013(e)(2).

### III. Foreclosure on the Federal Tax Lien

■ Pursuant to section 6321 of the Code,

[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. A lien arises under section 6321 upon the making of an assessment and continues until it is either satisfied or becomes unenforceable. *Id.* § 6322; *United States v. Solheim,* 953 F.2d 379, 382 (8th Cir.1992).

When "there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof," the United States may bring an action in federal district court to enforce the lien created by section 6321. 26 U.S.C. § 7403(a). A district court may, after adjudicating the merits of the United States' claim to the property upon which it has obtained a federal tax lien, decree a sale of the property and order a distribution of the proceeds from the sale of that property. *Id.,* § 7403(c).

■ In the instant case, a demand was made in the form of the Notices of Assessments sent to the Langerts on April 13, 1984 and May 24, 1988. Following these notices of assessment, Mr. Langert has not satisfied his tax liability. Ms. Langert, however, argues that she no longer owes any tax liability for the years 1981 and 1982 because she has had $3,818.79 levied from her wages since March of 1994. Aff. of Linda M. Langert, ¶ 7. Ms. Langert contends that the United States has improperly credited her account and is not entitled to foreclose upon her interest in the property, which she has termed her "homestead." [8]

■ The Court notes that the total of $3,140.00 which the United States contends is due and owing from Ms. Langert was established as of August 1, 1994. The Court cannot determine from Ms. Langert's submissions to the Court when any of the levies on her wages were made. Accordingly, it cannot determine whether it is possible that the United States has improperly credited these amounts to her tax liability for 1981 or 1982, as she claims. Furthermore, the United States has submitted evidence that, as of July 20, 1995, Ms. Langert's remaining tax liability is $3,143.53. Second Decl. of David Sussman, ¶¶ 3, 4. This amount represents unpaid tax, penalties and interest, and takes into account all of the payments made by Ms. Langert through levies on her wages. *Id.* ¶ 5.

The Court concludes that Ms. Langert has failed to raise a genuine issue of material fact concerning her continuing tax liability for the tax years 1981 and 1982. The United States has established a valid interest in the property subject to the foreclosure action. Accordingly, summary judgment for the United States is proper.

### Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS ORDERED** that the Plaintiff United States' Motion for Summary Judgment (Doc. No. 20) is **GRANTED.**

### ORDER FOR JUDGMENT OF FORECLOSURE AND SALE

Pursuant to 28 U.S.C. §§ 2001 and 2002, and this Court's Memorandum Opinion and Order of today's date, incorporated herein by reference, granting summary judgment to the Plaintiff United States of America on its Complaint brought under 26 U.S.C. §§ 7401–7403, **IT IS ORDERED, ADJUDGED AND DECREED** that:

---

**8.** Although state law determines whether a property interest exists upon which a federal tax lien may attach, state law plays no part in determining the priority of that lien vis-a-vis other interests in the property. *United States v. Rodgers,* 461 U.S. 677, 683, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983). Thus, Minnesota's "homestead exemption" does not prevent the attachment of a federal tax lien. *United States v. Bierbrauer,* 936 F.2d 373, 375 (8th Cir.1991). To the extent that Ms. Langert identifies her interest in the property as a "homestead" interest, that does not serve to defeat the tax lien. *United States v. Pilla,* 711 F.2d 94, 95 (8th Cir.1983).

(1) The federal individual income tax assessments made against Donald V. Langert and Linda M. Langert are valid;

(2) The United States is entitled to judgment as a matter of law against Donald V. Langert for the years 1978 through 1980 and for the period ending April 1983, and against Donald V. Langert and Linda M. Langert jointly for the years 1981 and 1982;

(3) Judgment shall be entered against Donald V. Langert in the amount of one hundred thirteen thousand four hundred ninety-six dollars and thirty-two cents ($113,-496.32), plus additional interest and additions accruing pursuant to law after August 1, 1994;

(4) Judgment shall be entered against Linda M. Langert in the amount of three thousand one hundred forty dollars ($3,140.00) plus additional interest and additions accruing pursuant to law after August 1, 1994;

(5) The United States' tax liens are valid and subsisting and attach to the real property owned by the Langerts which is legally described as Lot 5, Block 2, Arcadian Acres 2nd Addition, Anoka County, Minnesota, and located at 18450 Jivaro Street N.W., Anoka, Minnesota 55303 (hereinafter "the Property");

(6) Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce those liens against the Property in order to satisfy the liabilities of the Langerts set forth in paragraphs (3) and (4);

(7) All persons occupying the Property shall permanently leave and vacate the Property within thirty (30) days of either (i) the date this Order is filed or (ii) the date on which a copy of it is delivered to them, which ever is later, each taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person occupying the Property fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal and his deputies are **AUTHORIZED** and **DIRECTED** to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal proper-

ty from the Property within the time specified herein, the personal property remaining on the Property thereafter is deemed to be forfeited and abandoned, and the United States Marshal and his deputies are **AUTHORIZED** to remove it and dispose of it in any manner the Marshal sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

(8) The United States Marshal for the District of Minnesota, or such representative as he may employ, is **AUTHORIZED** and **DIRECTED** to offer for public sale and to sell the Property described in paragraph (5);

(9) The United States Marshal or his representative is **AUTHORIZED** to have free access to the Property and to take all actions necessary to preserve the Property until the deed to the Property is delivered to the ultimate purchaser;

(10) The terms of the sale are as follows:

(a) The sale shall be free and clear of the interests of Donald V. Langert, Linda M. Langert, TCF Mortgage Corporation, the Minnesota Department of Revenue, and the United States of America.

(b) The sale shall be subject to building lines, if established, all laws, ordinances and governmental regulations (including building and zoning ordinances), affecting the premises and easement and restrictions of record, if any.

(c) The public sale of the Property shall be held either at the courthouse of the county, in which the Property is located, or on the premises.

(d) The date and time for the sale are to be announced by the United States Marshal or his representative.

(e) Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States where the Property is situated and, at the discretion of the United States Marshal or his representative, by any other notice that he or his representative deem appropriate. The notice shall contain a description of the

Property and shall contain the terms and conditions of sale set forth in the Judgment to be entered pursuant to this Order.

(f) A minimum bid of $50,000 is set for the sale of the Property. If the minimum bid is not met or exceeded, the United States Marshal or his representative may, without permission of the Court, and under the terms and conditions in the Judgment to be entered pursuant to this Order, hold a new public sale with a reduction of the minimum bids.

(g) The successful bidder shall be required to deposit at the time of sale with the United States Marshal or his representative a minimum often percent (10%) of his or her bid, with the deposit to be made by certified check or cash. Before being permitted to bid at the sale, bidders shall display to the United States Marshal or his representative proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if they are the successful bidder, they can make the deposit required by the Judgment to be entered pursuant to this Order.

(h) The balance of the purchase price for the Property is to be paid to the United States Marshal within sixty (60) days after the bid is accepted by a certified or cashier's check payable to the United States Marshal for the District of Minnesota. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be returned to the bidder, and the Property shall again be offered for sale under the terms and conditions of the Judgment to be entered pursuant to this Order. The United States may bid as a credit against its judgment without tender of cash.

(i) The sale of the Property shall be subject to confirmation of this Court. On confirmation of the sale, the United States Marshal shall execute and deliver a quitclaim deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to the Property that are held or asserted by the plaintiff or any of the defendants in this action are discharged and extinguished.

(j) Until the Property described in paragraph (5) is sold, the defendants shall take all reasonable steps necessary to preserve the Property (including buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining fire and casualty insurance policies on the Property. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The defendant shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction.

(11) When the sale is confirmed by this Court, the County Recorder of Anoka County, Anoka, Minnesota shall permit transfer of the Property to be reflected on the County Recorder's register of title.

(12) After the sale is confirmed by this Court, the United States Marshal is **AUTHORIZED** and **DIRECTED** to distribute the amount paid by the purchaser as follows:

(a) First, the United States Marshal shall retain an amount sufficient to cover the expenses of sale, including the commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the expenses of any steps taken to secure or maintain the Property pending sale and confirmation by the Court.

(b) Second, the United States Marshal shall pay to the County Recorder of Anoka County, Anoka, Minnesota, the amount necessary to satisfy the property taxes owing, if any, on the date of the sale in regard to the Property.

(c) Third, the United States Marshal shall pay to defendant TCF Mortgage Corporation the amount necessary to satisfy the outstanding mortgage it holds on the Property.

(d) Fourth, the United States Marshal shall pay to the IRS the amount of the outstanding liability of Linda M. Langert, ($3,140.00 with further statutory additions accruing after August 1, 1994), which should be paid from her one-half interest in the proceeds remaining after payment of items (a), (b), and (c) above.

(e) Fifth, the United States Marshal shall pay to Linda M. Langert, the remainder of her one-half interest in the proceeds remaining after payment of items (a), (b), (c), and (d) above.

(f) Sixth, the United States Marshal shall pay to the IRS the amount of the outstanding liability of Donald V. Langert ($113,496.32 with further statutory additions accruing after August 1, 1994), which should be paid from his one-half interest in the proceeds remaining after payment of items (a), (b), and (c) above.

(g) Seventh, the United States Marshal shall pay to the Minnesota Department of Revenue the amount of its assessment against Donald V. Langert ($6,809.00 less payments received by the Minnesota Department of Revenue since March 3, 1994, plus further statutory additions accruing after March 3, 1994), which should be paid from the remainder of his one-half interest in the proceeds remaining after payment of items (a), (b), (c), and (f), above.

(h) Eighth, the United States Marshal shall pay to Donald V. Langert the remainder of his one-half interest in the proceeds remaining after payment of items (a), (b), (c), (f) and (g) above.

(13) The Judgment shall indicate that it is a special writ of execution, requiring no further orders or process from the Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

### ORDER FOR MODIFICATION OF JUDGMENT OF FORECLOSURE AND SALE

Pursuant to 28 U.S.C. secs. 2001 and 2002, this Court's prior order dated August 22, 1995, incorporated herein by reference, and the mutual agreement of the parties, IT IS

ORDERED, ADJUDGED AND DECREED that:

1. The Order of this Court dated August 22, 1995, is hereby modified to grant the parties leave to proceed with a voluntary sale of the real property indicated in that Order. The terms of the agreement for the sale are indicated in the letters from all parties attached hereto as exhibits 1, 2, and 3. If the sale of the real property is not completed per this auxiliary agreement for the voluntary sale, the U.S. Government shall have the right to proceed per the original order dated August 22, 1995.

2. All proceeds of the voluntary sale shall be handled as outlined in the August 22, 1995 Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**