**In re Robert Henry PASCOE and Linda Lee Pascoe, Debtors.**

**Robert Henry PASCOE and Linda Lee Pascoe, Plaintiffs,**

v.

**UNITED STATES of America, acting through its agency, INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 95–20778.
Adversary No. 96–2020.

United States Bankruptcy Court,
D. Wyoming.

March 6, 1997.

---

Georg Jensen, Law Offices of George Jensen, Cheyenne, WY, for Debtor.

David D. Freudenthal, U.S. Atty., Nicholas Vassallo, Asst. U.S. Atty., Cheyenne WY, Susan A. Berson, Senior Trial Atty., U.S. Dept. of Justice, Tax Division, Washington, DC, for Defendants.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

PETER J. McNIFF, Bankruptcy Judge.

In this adversary proceeding, Robert and Linda Pascoe object to the amount of the claim filed by the United States Department of the Treasury for its agency the Internal Revenue Service (IRS). Pascoes allege that they owe no taxes, that the claim is erroneous, and that they had no liability to file 940 and 941 returns.

The IRS' claim filed December 20, 1995, includes assessed income tax liability with penalties and interest for the tax years 1990 through 1992; estimated income tax liability with interest for the tax years 1993 and 1994; assessed Federal withholding tax liability for the fourth quarter of 1992 and the first three quarters of 1993; estimated withholding tax liability for the last quarter of 1993 through the third quarter of 1995; and one period of

estimated Federal unemployment tax liability.

## UNDISPUTED FACTS

This case arises out of a voluntary chapter 11 filed by Robert and Linda Pascoe on October 27, 1995. With the exception of a few unsecured creditors who have apparently been paid postpetition, the Internal Revenue Service is the only significant creditor. The debtors' schedules were signed by Mr. Pascoe "without prejudice." How the debtor's own voluntary case could prejudice him is puzzling.

In their statement of financial affairs the debtors list their previous years' income as "unknown." The debtors file their monthly operating reports with the United States Trustee. These reports show that the debtors have income from the operation of their business. Mr. Pascoe signs the reports as "rights reserved," or "Without Prejudice Under U.C.C. 1–207."

With regard to the IRS claim, certain relevant events took place prior to the filing of the petition. The debtors did not file income tax returns for the tax years 1990 through 1995. On April 28, 1994, the IRS sent the Pascoes a Notice of Deficiency for income taxes due for tax years 1990 through 1992. The tax deficiencies set forth included penalties for failure to file returns and for failure to pay estimated taxes.

The Pascoes did not file a petition in the United States Tax Court, so the taxes were assessed on August 29, 1994. Next, the IRS recorded a tax lien with respect to the assessments for the income taxes due for 1990 through 1992. The Pascoes apparently took no action in response to the tax liens, and the IRS seized and sold property of the Pascoes. This pre-bankruptcy sale resulted in application of $28,502.42 against the total assessed taxes. The IRS amended its claim on June 13, 1996 to reflect the application of the proceeds.

*Income Taxes*

The IRS determined the income tax deficiencies by estimating the Pascoes' income. The income estimates were derived from Bureau of Labor average budget statistics for the applicable years. The IRS then applied deductions based on the debtors' self-employment status, the standard deduction and personal exemptions.

The Pascoes responded to the motion for summary judgment with affidavits and interrogatory answers. On the issue of the amount of the income taxes due, the debtors produced tax returns for the tax years 1990 through 1995, which they filed on August 6, 1996. These returns were signed under protest and with reservation of rights.

The Pascoes' returns were filed after this court ordered the debtors to file returns on or before May 22, 1996. The debtors apparently filed the returns to prevent a dismissal of this case and their chapter 11 bankruptcy case.

Mr. Marvin Knopp, the accountant for the debtors in possession, prepared the returns. The amount of the income upon which the taxpayers' returns are based is also calculated from Bureau of Labor statistics. The average budget compilations for similarly situated taxpayers were provided to Mr. Knopp by the IRS. However, the debtors claim more exemptions than the IRS allowed in its deficiency notices. Mr. Knopp stated by affidavit that he had no records upon which to calculate income, even after a search of the Pascoes' residence.

The debtors also produced their untimely filed answers to the interrogatories propounded by the IRS. (These answers were over a month late and were served only after the IRS filed this motion). Mr. Pascoe signed the verification on the answers "under protest," which may serve to nullify the verification. To the request for production of documents the debtors responded that they had no documents. To one question concerning records maintained by the Cheyenne Board of Public Utilities, they answered that they "haven't a clue."

The remainder of the statements in the affidavits of Mr. Knopp, Mr. Pascoe, and in the answers to interrogatories are general conclusory statements. No factual information is presented regarding the actual amount of the debtors' income for the three

tax years in question, nor the number of proper exemptions which could be claimed.

*Employment Taxes*

The employment taxes included in the proof of claim were assessed for the fourth quarter of 1992 through the third quarter of 1993. The remainder of the employment taxes allegedly due are estimated on the claim. The IRS first filed notices of federal tax liens on January 19, 1994 to secure the assessed, unpaid employment taxes.

The debtors operate a waste disposal company called The Privy Company. The IRS based the amount of the employment taxes on its assumption that the Privy Company had employees by reviewing records of disposals made by the Privy Company at the sanitary waste disposal site operated by the Board of Public Utilities. These records, for the years 1991 through 1994, are signed by a number of different persons on behalf of the Privy Company.

The debtors claim that they do not have, and have never had, employees subject to withholding and federal unemployment tax requirements. In order to show a genuine issue of material fact, the debtors provided their answers to interrogatories. In those, they list a number of "friends" and apparent family members who may have performed services for the Privy Company.

Even though not always legible, a review of the BOPU receipts clearly demonstrates that a number of persons who signed on behalf of the Privy Company are not listed by the Pascoes on their list of friends and family. Because of an untimely response to the IRS's Requests for Admission, the debtors admit that these records are the BOPU's disposal records for the Privy Company.

In their interrogatory responses, the Pascoes assert that they have insufficient knowledge to form an opinion as to the number of hours worked by the individuals who transported waste on behalf of the Privy Company to the BOPU. They also answered that any records to support their tax returns were in Mr. Knopp's possession. Of course, Mr. Knopp stated that he had "insufficient records" to prepare accurate returns.

## CONCLUSIONS OF LAW

The IRS moves for summary judgment on the complaint establishing the amount of the Pascoes' unpaid tax liability. Necessarily, that motion includes the separate issues of the income tax liability for the tax years 1990 through 1992, for the unpaid employment taxes assessed through the third quarter of 1993, and on the issue of whether the Privy Company had employees subject to federal withholding tax through 1994.

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The court has jurisdiction under 28 U.S.C. § 1334 and 11 U.S.C. § 505(a)(1). The court does not have jurisdiction over the Pascoes' request for a tax refund pursuant to 11 U.S.C. § 505(a)(2)(B), which the debtors have conceded.

The court must grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *In re Baum,* 22 F.3d 1014, 1016 (10th Cir.1994); Fed.R.Civ.P. 56(c). A material fact is one that could affect the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *White v. I.R.S.,* 790 F.Supp. 1017, 1021 (D.Nev.1990). A genuine issue is one where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Farthing v. City of Shawnee, Kan.,* 39 F.3d 1131, 1134 (10th Cir.1994). The court views the evidence in the light most favorable to the nonmoving party, but that party cannot rest on the mere allegations in its pleadings. *Id.*

In the complaint, the Pascoes allege that they have no tax liability and that the estimated taxes are erroneous. The law regarding tax liability determination is clear. A deficiency determination is presumptively correct, and the taxpayer bears the burden of coming forward with sufficient evidence to overcome the presumption. *Erickson v. C.I.R.,* 937 F.2d 1548, 1551 (10th Cir.1991). The burden is on the taxpayer to show that the amount sought by the IRS is erroneous. *In re Katz,* 168 B.R. 781, 787 (Bankr.S.D.Fla. 1994).

When the taxpayer fails to file a return, the IRS may reconstruct the taxpay-

er's income through any reasonable method. *United States v. Langert*, 902 F.Supp. 999, 1002 (D.Minn.1995). In the absence of contrary evidence, the government's assessments, if reasonable and logical, are sufficient to establish that the assessments are properly made. *Page v. C.I.R.*, 58 F.3d 1342, 1347 (8th Cir.1995).

■■■ A taxpayer is required to maintain records to support his tax returns. 26 U.S.C. § 6001; *Cracchiola v. C.I.R.*, 643 F.2d 1383, 1385 (9th Cir.1981) In the absence of such records, reliance on Bureau of Labor Statistics is a reasonable method to reconstruct the taxpayer's income. *Adams v. Commissioner*, 43 T.C.M. 1203 (1982). Further, the taxpayer has the burden to establish a statutory right to specific deductions and to substantiate his eligibility to them. *In re Katz*, 168 B.R. at 789.

■■ Application of the foregoing rules of law leads the court to conclude that the IRS assessments are sufficient to fix the amount of the 1990 through 1992 income taxes. The debtors have come forward with no evidence to support the income stated in their returns. Their accountant relied on IRS information and Bureau of Labor statistics to prepare the returns. The Pascoes have chosen to not maintain any evidence to support their returns. The returns were filed and signed under protest. There is no evidence to support different deductions or exemptions taken, and no one has records to the contrary. The court finds that the IRS assessment was reasonable.

The Pascoes state in their pleadings that a trial is necessary to establish the amount of their income. Yet, at the same time they seem to argue that even if they had income, they have no tax liability. The court concludes that a trial is not necessary as there is no evidence contrary to that forming the basis for the IRS deficiency assessment. The court will grant summary judgment to the IRS on the issue of the assessed income tax liability.

■■ The court concludes that the IRS is also entitled to summary judgment on the issues of the amount of the assessed employment taxes. The court concludes that the

Pascoes, doing business as the Privy Company, had employees during the tax quarters from 1991 through 1994, and that the plaintiffs have presented nothing sufficient to raise a genuine issue of fact. When presented with the disposal records of the BOPU signed on behalf of the debtors' company, the debtors failed to present any evidence that these individuals were disposing of privy waste without compensation. Mr. Pascoe's belief that he paid no wages is insufficient to raise an issue of fact in light of his failure to address or explain the signatures of the persons acting on behalf of the Privy Company, and the complete lack of records associated with the business.

The court will set an initial pretrial conference for the purpose of discussing, among other things, the remaining issues, i.e., the amount of the debtors' taxes for the tax periods which are estimated on the IRS proof of claim; the status of the IRS audit of the debtors' returns and assessment of those taxes; and what matters remain to be resolved in this court, if any. Any valuation issues regarding the IRS lien are more properly a subject for confirmation of a proposed chapter 11 plan.

## CONCLUSION AND ORDER

For the foregoing reasons, it is

ORDERED that the defendant's motion for summary judgment is granted on the issue of the amount of the plaintiffs' income tax liability for the tax years 1990 through 1992 in the amount detailed in its proof of claim; and further

ORDERED that the defendant's motion for summary judgment is granted on the issue of the amount of the Pascoes' employment tax liability for the fourth quarter of 1992 and the first three quarters of 1993 in the amounts shown on its proof of claim; and further

ORDERED that the defendant is granted summary judgment on the issue of the court's lack of jurisdiction to determine the Pascoes' right to a tax refund; and finally

ORDERED that the issues regarding the valuation of the collateral securing the IRS secured claim is dismissed without prejudice.